BELSOME, J.,
dissents with reasons.
hi dissent from the majority opinion.
As acknowledged by the majority, the state bears the burden of proving that it is excused from trying the accused within the time period mandated in La.C.Cr.P. art. 578. The majority further recognized that the state failed to meet its burden in the trial court and on appeal. However, the majority cites to what is not in the record or raised on appeal to determine that the matter must be vacated and remanded. More specifically, the majority finds an entry on the docket master suggests a second omnibus motion was filed which would serve to suspend the time within the state had to try the defendant. Yet, other than the docket master entry the record is void of any mention of the second omnibus motion by the trial court or either party. The majority also suggests that there is the possibility that a codefendant may have filed pleadings that may have suspended time limits under article 580, but are not evident in this record. Again, the issue was not presented to the trial court or raised on appeal.
It is well established that this Court is only allowed to reverse a trial court judg *253 ment on a motion to quash if the ruling represents an abuse of the trial court’s discretion. State v. Love, 2000-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206-07. The majority’s opinion relies on pure conjecture and fails to establish an abuse of discretion on the part of the trial court. Accordingly, I would affirm the trial court’s judgment granting the motion to quash.